Jasen, J.
 

 In this personal injury action, defendant Niagara Frontier Transit System, Inc. seeks apportionment of responsibility and indemnification from third-party defendant, the Village of Kenmore.
 

 The complaint in the prime action alleges that the plaintiff, Dorothy Barry, was injured while alighting at a bus stop in the
 
 *632
 
 Village of Kenmore from a bus operated by the defendant bus company. The action is premised on the grounds of negligence of the bus company in operating the bus and failing to give the plaintiff, Dorothy Barry, a safe place to alight.
 

 The third-party complaint alleges that if the plaintiff sustained personal injuries in the foanner claimed by her in the complaint, and if the bus company is found liable to the plaintiffs, then the bus company, on the basis of apportionment of responsibility for the alleged accident, is entitled to indemnification from the village for all or part of any judgment that the plaintiffs may recover against the bus company.
 

 Special Term, relying on former section 341-a of the Village Law
 
 [1]
 
 , dismissed the third-party complaint upon the ground that the complaint fails to state a cause of action. The Appellate Division affirmed on the opinion at Special Term. We granted leave to appeal to consider the applicability of the notice requirement as set forth in section 341-a of the Village Law in the context of a third-party complaint for apportionment pursuant to
 
 Dole
 
 v.
 
 Dow Chem. Co.
 
 (30 N Y 2d 143).
 

 Former Section 341-a of the Village Law (now CPLR 9804)
 
 [2]
 
 specifically states that no action shall be maintained against a village for personal injuries caused by a dangerous condition in a street or sidewalk unless the village was actually given written notice of the condition and there was a failure or neglect within a reasonable time after the receipt of such notice to correct such defect. While it is conceded that no prior written notice of defect was given to the village prior to the accident
 
 *633
 
 which the plaintiff alleges occurred on September 10, 1968, the bus company argues that there is no need to comply with the statute as to prior notice since the third-party action for apportionment of responsibility and indemnification
 
 “
 
 is not an action [falling] within the purview of ” this statute. Expressed another way, the argument is that since section 341-a is limited solely to tort actions, it is not applicable to the instant action for apportionment, which is, in essence, an equitable action for contribution.
 

 We do not agree. The rule of apportionment, we stated in
 
 Rogers
 
 v.
 
 Dorchester Assoc.
 
 (32 N Y 2d 553, 564), “ applies when two or more tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omissions in causing an accident,
 
 in violation of the duties they respectively owed to the injured
 
 person.” (Emphasis supplied.)
 

 What duty of care did the village owe to the plaintiff at the time of her alleged injury? It was the duty to repair or remove any defect complained of within a reasonable time after written notice of the dangerous condition was actually given to the village. Since it is conceded that no prior notice of the dangerous condition was given to the village, no cause of action accrued against the village. To say that a third-party apportionment action may be brought against the village would permit indirectly what could not be done directly by the plaintiffs themselves by reason of their failure to allege compliance with the requirement of notice.
 

 In our view, the enactment of former section 341-a represents the Legislature’s solution to the vexing problem of municipal street and sidewalk liability. (See First, Second and Third Interim Reports of the Joint Legislative Committee on Municipal Tort Liability, N. Y. Legis. Doc., 1955, No. 42, N. Y. Legis. Doc., 1956, No. 41, N. Y. Legis. Doc., 1957, No. 23; see, also, Walsh, Trends in Municipal Tort Liability, 1958 Insurance L. J. 235.) Its effect was to modify the general substantive law óf torts by varying a village’s duty of care. That is to say, before any duty will arise with respect to a defective sidewalk or street condition, prior written notice of the defect or condition must have been received by the village. The practical consequence of this requirement is to prevent any possibility of liability for
 
 *634
 
 nonfeasance, except where the village fails or refuses to remedy the condition within a reasonable time after receipt of notice.
 

 Thus, inasmuch as the statute relieves a village of any duty to remedy defective sidewalk or street conditions in the absence of notice, a village should not be subject to liability in a third-party action for a
 
 Dole
 
 apportionment, however that claim be characterized. To permit a
 
 Dole
 
 claim to go forward in the absence of notice would undermine the legislative design to restrict the village’s liability for nonfeasance and might subject the village to ultimate responsibility to pay a “ catastrophe judgment ” arising from unnoticed defects. (See Memorandum of Joint Legis. Committee on Municipal Tort Liability, McKinney’s 1957 Session Laws of N. Y., pp. 2164-2167.)
 

 The order of the Appellate Division should be affirmed.
 

 Chief Judge Bbeitel and Judges Gabbielli, Jones, Wachtleb, Babin and Stevens concur.
 

 Order affirmed, with costs.
 

 [1]
 

 .
 
 “
 
 § 341-a. Liability of village in certain actions. No civil action shall be maintained against the village for damages or injuries to person or property sustained in consequence of any street, highway, bridge, culvert, sidewalk or crosswalk being defective, out of repair, unsafe, dangerous or obstructed or for damages or injuries to person or property sustained solely in consequence of the existence of snow or ice upon any sidewalk, crosswalk, street, highway, bridge or culvert unless written notice of the defective, unsafe, dangerous or obstructed condition, or of the existence of the snow or ice, relating to the particular place, was actually given to the village clerk and there was a failure or neglect within a reasonable time after the receipt of such notice to repair or remove the defect, danger or obstruction complained of, or to cause the snow or ice to be removed, or the place otherwise made reasonably safe.”
 

 [2]
 

 . There is a local law counterpart as well. (Local Laws, 1955, No. 2 of the Village of Kenmore.)