■ DANIEL DUTTON, Plaintiff, v MITEK REALTY CORPORATION, Defendant and Third-Party Plaintiff-Appellant. TOWN OF NORTH HEMPSTEAD, Third-Party Defendant-Respondent, et al., Third-Party Defendant. — In a negligence action to recover damages for personal injuries, defendant third-party plaintiff appeals from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered May 25, 1982, which, *inter alia,* granted third-party defendant Town of

North Hempstead's motion for summary judgment against it. Judgment modified so as to provide that third-party defendant Town of North Hempstead's motion for summary judgment is granted only insofar as the third-party complaint seeks indemnification and is denied insofar as it seeks contribution. As so modified, judgment affirmed, with costs to the appellant. Plaintiff Daniel Dutton sustained serious injuries when he fell from the roof of defendant third-party plaintiff's (hereinafter defendant) building on July 11, 1980 while fighting a fire in the course of his duties as a volunteer fireman. He commenced the instant action against defendant, claiming that his fall was due to defendant's negligence in failing to provide a parapet or guard on the roof to warn people that the edge was near. Defendant then commenced a third-party action against the Town of North Hempstead (hereinafter town), claiming that it should be indemnified, should it be found liable, because the town negligently issued a building permit and certificate of occupancy in 1949 to the previous owner. The Statute of Limitations set forth in section 50-i of the General Municipal Law does not bar a third-party action for indemnity, since a cause of action for indemnity does not accrue until payment by the defendant of any judgment secured by the plaintiff (*Bay Ridge Air Rights v State of New York,* 44 NY2d 49; *Musco v Conte,* 22 AD2d 121; see *Matter of Valstrey Serv. Corp. v Board of Elections, Nassau County,* 2 NY2d 413; *Zillman v Meadowbrook Hosp. Co.,* 73 Misc 2d 726, revd on other grounds 45 AD2d 267; *Lewis v Borg-Warner Corp.,* 35 AD2d 722). Nevertheless, the town does assert a defense which establishes that it owed no duty of care to the plaintiff and no duty to indemnify the defendant. Without such duties, an indemnification action cannot be sustained (*Smith v Hooker Chem. & Plastics Corp.,* 83 AD2d 199). It is well established that absent a special relationship, when the intention of a statute is to protect the general public only, a municipality cannot be held liable to a specific individual for failing to enforce a statute or regulation (*O'Connor v City of New York,* 58 NY2d 184; *Garrett v Holiday Inns,* 58 NY2d 253; *Motyka v City of Amsterdam,* 15 NY2d 134). In the case at bar, there is no special relationship between the town and the plaintiff. Therefore, there can be no duty owed by the town to the plaintiff and the defendant cannot sue the town for indemnity on that basis, or on this record, on any other basis. However, in *Garrett (supra),* the Court of Appeals held that a town's issuance of a certificate of occupancy creates a special relationship between a municipality and the owner of the property when the town knew that a dangerous condition existed at the time it issued the certificate. Such a special relationship would create an independent duty on the part of the town to the defendant to prevent foreseeable harm, including defendant's potential tort liability. Thus, if the town affirmatively certified the premises as safe, knowing that there existed a blatant and dangerous violation, it may be held responsible to the defendant for that portion of the damages attributable to its own negligence. Thus, insofar as the third-party complaint seeks indemnity, the town's motion for summary judgment was properly granted. However, insofar as said third-party complaint may be read to seek contribution, based on allegations virtually identical to those set forth in the third-party complaint in *Garrett (supra),* the town's motion must be denied and the third-party complaint permitted to stand. Titone, J. P., Thompson, Rubin and Boyers, JJ., concur.