IONA KRAMME et al., Respondents, v TOWN OF HEMPSTEAD, Defendant and Third-Party Defendant-Respondent. COUNTY OF NASSAU, Defendant and Third-Party Plaintiff-Appellant.

Second Department, April 9, 1984

APPEARANCES OF COUNSEL

*Edward G. McCabe, County Attorney (Robert O. Boyhan* of counsel), for appellant.

*Joseph Canzoneri* for respondents.

*Shannon, Flaherty & Doris (Lawrence A. Doris* of counsel), for defendant and third-party defendant-respondent.

OPINION OF THE COURT

*Per Curiam.*

Plaintiffs Iona and George Kramme brought this negligence action against the County of Nassau and the Town of Hempstead, alleging that Iona Kramme was injured in a fall on a sidewalk located on Stowe Avenue, Baldwin, at a place where a stream passes under the roadway. By order dated April 14, 1982, Special Term granted the town's motion for summary judgment against the plaintiffs on the ground, *inter alia,* that the town never received actual prior written notice of the alleged defect as required by section 65-a of the Town Law. Subsequently, the county commenced a third-party action against the town for indemnification and/or contribution. Upon the town's motion, Special Term dismissed the third-party action, holding that it was barred by section 65-a of the Town Law and by the fact that the third-party complaint failed to allege that the town committed any affirmative act that was the direct cause of the accident.

Subdivision 2 of section 65-a of the Town Law provides in pertinent part that: "2. No civil action shall be maintained against any town or town superintendent of highways for damages or injuries to person or property sustained by reason of any defect in its sidewalks or in consequence of the existence of snow or ice upon any of its sidewalks, unless such sidewalks have been constructed or are maintained by the town or the superintendent of highways of the town pursuant to statute, nor shall any action be maintained for damages or injuries to person or property sustained by reason of such defect or in consequence of such existence of snow or ice unless written notice thereof, specifying the particular place, was actually given to the town clerk or to the town superintendent of highways, and there was a failure or neglect to cause such defect to be remedied, such snow or ice to be removed, or to make the place otherwise reasonably safe within a reasonable time after the receipt of such notice."

■ On these appeals, the county argues that it may bring a *Dole* (*Dole v Dow Chem. Co.,* 30 NY2d 143) third-party action against the town even though the plaintiffs' claim

against the town is barred by section 65-a of the Town Law. We disagree. The Court of Appeals rejected this very argument in *Barry v Niagara Frontier Tr. System* (35 NY2d 629), a case interpreting the duty of care owed by a village to a plaintiff under section 341-a of the Village Law (now CPLR 9804), a provision virtually identical to the relevant part of section 65-a of the Town Law. In *Barry,* the court noted that insofar as the village's duty of care under the statute was to repair or remove any defect complained of within a reasonable time after written notice of the dangerous condition was actually given to the village, the village had no duty and thus could not be liable to a plaintiff injured by a defect of which the village did not have notice. Because the rule of apportionment applies when two or more tort-feasors cause an accident " '*in violation of the duties they respectively owed to the injured person*' " (citing *Rogers v Dorchester Assoc.,* 32 NY2d 553, 564), the court held that, absent a notice of defect, a village should not indirectly be held liable to an injured plaintiff through a third-party action for a *Dole* apportionment (*Barry v Niagara Frontier Tr. System, supra,* pp 633-634). The court concluded (p 634): "To permit a *Dole* claim to go forward in the absence of notice would undermine the legislative design to restrict the village's liability for nonfeasance and might subject the village to ultimate responsibility to pay a 'catastrophe judgment' arising from unnoticed defects".

In holding that the county's third-party action is barred by the lack of notice, pursuant to section 65-a of the Town Law, we are not unmindful of the recent Court of Appeals decision in *Garrett v Holiday Inns* (58 NY2d 253); rather, we reject the county's position that this case "effectively overruled" *Barry* (*supra*). In *Garrett,* the defendant sought to implead the Town of Greece in several tort actions brought after a fire at a Holiday Inn located in the town. The injured plaintiffs originally named the town as a defendant but because they "alleged no more than a violation of a general duty owed by the town to the public at large" (p 257), the complaints against the town were held insufficient to state a cause of action and were dismissed. In its third-party action, however, defendant alleged that

the town breached a special duty owed to it by (1) permitting alterations in building plans which did not comply with applicable fire and safety laws, codes and regulations, (2) issuing a certificate representing that the building was safe and in compliance with fire and safety laws despite obvious existing violations of those laws, and (3) thereafter negligently failing to uncover the violations upon inspection. The Court of Appeals held that the third-party plaintiff sufficiently alleged a special relationship between itself and the town based on the municipality's issuance of a certificate of occupancy despite "known, blatant, and dangerous violations" (*Garrett v Holiday Inns, supra,* p 262). This special relationship created an independent duty owed· by the town to defendant to prevent foreseeable harm, including defendant's potential tort liability to plaintiffs. Thus, notwithstanding the fact that the duty violated was not one owing directly to the injured parties, the town could be held liable to the defendant for that portion of plaintiffs' injuries attributable to its negligence (*Garrett v Holiday Inns, supra,* pp 261-263; see *Dutton v Mitek Realty Corp.,* 95 AD2d 769). Although the *Garrett* court recognized that proportionate liability can exist on the part of one who owes no duty to the plaintiff, it predicated this obligation upon the demonstration of a special relationship between defendant and the third party. In the instant case, no such special relationship was alleged in the county's third-party complaint, nor does one in fact exist. This action does not fall within the ambit of *Garrett* and, therefore, Special Term properly dismissed the third-party complaint.

■ With respect to the imposition of sanctions against the county for failure to obey an order directing disclosure, we affirm Special Term's order and utilize this opportunity to remind defense counsel that, as the law firm for the County of Nassau, it has "an obligation to conduct lawsuits in a disciplined and efficient manner in order both to protect the interests of the [county's] residents and also to assure plaintiffs that their claims will be expeditiously and fairly resolved" (see *Beetz v City of New York,* 73 AD2d 925, 926).

In order to ascertain the records or information relied on by the county regarding the issue of ownership and control

of the accident situs, plaintiffs noticed the county for a disclosure hearing. Although plaintiffs and the county appeared three times at Special Term for the hearing, on all these occasions the hearing was adjourned due to the county's failure to produce the requested information. Upon the third adjournment, Special Term directed the county to furnish plaintiffs with copies of all relevant records within 45 days of the date of its order or, if such records were not in the county's possession, to submit an affidavit detailing the facts upon which the county is denying ownership, maintenance and control of the sidewalk. However, the county failed to comply with that order and plaintiffs moved for sanctions. Noting that the "county has engaged in a pattern of indifference, inexactitude and/or obstructionism", Special Term granted plaintiffs' motion for sanctions to the extent that it directed that, for the purposes of this action, the situs of the accident be deemed to have been under the ownership, maintenance and control of the county at all relevant times.

We agree with Special Term's characterization of the county's behavior. Even when faced with a motion for sanctions, the county failed to produce the requested information or proffer an excuse for its default. The county's default was clearly willful and contumacious and, therefore, sanctions pursuant to CPLR 3126 were appropriate (see *Will v County of Nassau,* 90 AD2d 795; *Balsam v Nicolosi Bldg. Co.,* 36 AD2d 533). Dilatory conduct such as that exhibited by the county is unacceptable from any party but is particularly egregious coming from the county which is under a special obligation to conduct its litigation in a forthright manner.

MOLLEN, P. J., LAZER, MANGANO and BROWN, JJ., concur.

Two orders of the Supreme Court, Nassau County, the first dated December 15, 1982 and the second dated June 7, 1983, affirmed, with one bill of costs.