OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff was injured when, on the night of the 1977 power blackout, he fell on some irregular cobblestones on a New York City street. He brought this action against the city, for failure to keep the streets in good repair or provide adequate warnings, *860 and against Con Edison, for its negligence in causing the blackout. The city cross-claimed against Con Edison for indemnity or contribution. The court dismissed plaintiff’s action against Con Edison because the utility owed him no duty. That ruling has not been challenged in this court. Con Edison then moved to dismiss the city’s cross claim. The court granted the motion and adhered to its decision upon reargument. The Appellate Division unanimously affirmed, without opinion.
On appeal, the city has abandoned its claim for indemnity. However, citing Garrett v Holiday Inns (58 NY2d 253) and Nolechek v Gesuale (46 NY2d 332), it seeks contribution based on Con Edison’s alleged independent duty to the city to prevent foreseeable exposure to potential tort liability. Assuming, for argument’s sake, that Garrett and Nolechek are applicable, imposition of a duty here would circumvent the policy goals expressed in Strauss v Belle Realty Co. (65 NY2d 399), and we therefore decline to do so.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Kaye concur; Judges Jasen and Meyer on constraint of Strauss v Belle Realty Co. (65 NY2d 399); Judges Alexander and Titone taking no part.
Order affirmed, with costs, in a memorandum.