■ DEANNA STILO, Respondent, v COUNTY OF NASSAU et al., Defendants and Third-Party Plaintiffs-Respondents, and PORT WASHINGTON POLICE DISTRICT, Appellant, et al., Defendants. TOWN OF NORTH HEMPSTEAD, Third-Party Defendant-Respondent. (Action No. 1.) ARTHUR ZAGELBAUM, Plaintiff, v ARTHUR J. GARRY et al., Defendants; MILDRED ZAGELBAUM, et al., Respondents, and PORT WASHINGTON POLICE DISTRICT, Sued Herein as VILLAGE OF PORT WASHINGTON, Appellant. (Action No. 2.) MILDRED ZAGELBAUM, Respondent, v ARTHUR J. GARRY et al., Respondents, and PORT WASHINGTON POLICE DISTRICT, Sued Herein as VILLAGE OF PORT WASHINGTON, Also Known as PORT WASHINGTON, Appellant, et al., Defendants. (Action No. 3.)—In three actions to recover damages for personal injuries and wrongful death, the Port Washington Police District appeals from so much of an order of the Supreme Court, Nassau County (Christ, J.), dated February 1, 1985, as denied its motion for summary judgment dismissing the actions and any third-party complaints and cross claims insofar as they are asserted against it.

Order reversed insofar as appealed from, on the law, with costs, and motion granted.

These actions arose from a two-car accident which occurred on Roslyn West Shore Road in Port Washington, Nassau County. In the first action, the plaintiff Deanna Stilo, a passenger in one of the cars, sued, among others, Nassau County, alleging negligence in the ownership and maintenance of the road where the accident occurred and, in particular, in failing to clear snow and ice. The county commenced a third-party action against the Town of North Hempstead and the Port Washington Police District (hereinafter the district) for contribution and/or indemnification.

Mildred Zagelbaum, a defendant in the first action as executrix of the estate of Benjamin Zagelbaum, the deceased owner and operator of the vehicle in which the plaintiff Stilo was a passenger, commenced a second third-party action against the

town and the district, alleging negligent performance of their duty to maintain the roadway in question and seeking indemnity and/or contribution. The town served an answer containing a cross claim against the district, among others, for indemnification and/or contribution.

The second action was brought by Arthur Zagelbaum, administrator of the estate of Jeffrey Zagelbaum, a deceased passenger in the car operated by Benjamin Zagelbaum. Among the defendants named in this action was the district, sued therein as the Village of Port Washington. (There is no such entity as "The Village of Port Washington".) The complaint alleged that the district negligently owned and maintained the road on which the accident occurred by failing to install traffic control signals and devices and adequate lighting. The district served an answer containing cross claims against all of its codefendants in the second action, and codefendants Mildred Zagelbaum, the Town of North Hempstead and Nassau County served cross claims against the district and against each other.

The third action was brought by Mildred Zagelbaum, executrix of the estate of the decedent Benjamin Zagelbaum, against several defendants including the district, sued therein as the village of Port Washington. The complaint alleged that the district was negligent in its maintenance and control of the roadway. The district served an answer containing cross claims against all the codefendants and it, in turn, was served with cross claims by the codefendants Nassau County, the Town of North Hempstead, and the Ford Motor Company.

The district moved for summary judgment dismissing all complaints, third-party complaints and cross claims against it in the three actions. In support of the motion, the district annexed and incorporated evidentiary proof, in the form of an affidavit, documents and excerpts from pretrial examinations, establishing that the road in question was owned and maintained by Nassau County, that the county was responsible for road design and modification and for installation and maintenance of traffic control features, that the Town of North Hempstead was responsible for establishing speed limits and for posting speed-limit signs, and that although the site of the accident was within the boundaries of the district, the district's sole responsibility was to patrol the roads therein in the course of providing normal police services, and it had no authority with respect to the design, construction, installation or maintenance of the roadway, lighting or traffic control features. It was conceded, however, that in the event police

officers on patrol observed snow or ice conditions on roads within the district, they would report such conditions to the county. In view of the foregoing, the district argued that it had no proprietary interest in the roadway and, hence, no duty with respect thereto. Moreover, no liability could attach by reason of the district's performance of its police function in the absence of a special duty.

The motion was opposed by Nassau County, which alleged that the district had assumed a special duty to report road defects, including snow and ice conditions, to the county, and that the district had breached its duty by failing to report the snow and ice which had allegedly contributed to the accident in question. In a supporting affidavit, an employee in the Department of Public Works of Nassau County confirmed that the district did report snow and ice conditions to the county which, in turn, relied and acted upon such reports in order to remedy such conditions. Only Mildred Zagelbaum joined the county in opposing the district's motion for summary judgment.

By order dated February 1, 1985, Special Term denied the motion, holding that an issue of fact existed as to whether the district had assumed a special duty to notify the county of snow and ice conditions on roads within the district's boundaries. We reverse and grant the district's motion for summary judgment in its entirety.

Because the evidence before Special Term established conclusively that the district had no proprietary interest in the roadway in question, the imposition of liability upon the district in this case must be predicated on the district's negligent performance of its governmental function. However, it is settled that a municipality "cannot be held liable for negligence in the performance of a governmental function, including police * * * protection, unless a special relationship existed between the municipality and the injured party" (De Long v County of Erie, 60 NY2d 296, 304; see also, Sorichetti v City of New York, 65 NY2d 461, 468; Napolitano v County of Suffolk, 61 NY2d 863; Garrett v Holiday Inns, 58 NY2d 253; Florence v Goldberg, 44 NY2d 189; Riss v City of New York, 22 NY2d 579), which special relationship or duty is in contrast to a general duty owed to the public-at-large (Garrett v Holiday Inns, supra, at p 261; Florence v Goldberg, supra, at p 195). A special duty may be found to exist where the relationship between the municipality and the individual, or class of individuals, is such as to warrant the imposition upon the municipality of a duty to exercise reasonable care for the

benefit of that particular person or class of persons *(Garrett v Holiday Inns, supra,* at p 261). In the absence of the existence and breach of such a duty, a municipality is not liable for negligent performance of a governmental function.

The duty to furnish adequate police protection is one which flows only to the general public *(De Long v County of Erie, supra,* at pp 304-305; *Florence v Goldberg, supra,* at p 195; *Riss v City of New York, supra,* at p 583). However, where a municipal police department voluntarily assumes a special duty to a particular person or class "it must perform that duty in a nonnegligent manner, notwithstanding that absent its voluntary assumption of that duty, none would have otherwise existed" *(Florence v Goldberg, supra,* at p 196). For example, liability may be imposed upon a municipality for negligently failing to provide school crossing guards, where the municipal police department had voluntarily undertaken the responsibility for providing such guards, and the parents had a justifiable expectation that the responsibility would be regularly and properly discharged *(Florence v Goldberg, supra).*

The facts of the present case, as adduced on the motion for summary judgment, establish as a matter of law, that the appellant district did not voluntarily assume a special duty to report snow and ice conditions on the roads within the district for the benefit of Nassau County. Although officers of the district did, commendably, notify the county when they came upon snow and ice conditions in the course of performing their regular police patrols, it appears that this was done for the benefit of the public-at-large pursuant to the district's general police function. While the county relied upon these reports when they were received, and while such reports undoubtedly assisted the county in discharging its statutory obligation to remove snow and ice from its roads *(see,* Highway Law § 135), there is no evidence suggesting the voluntary assumption by the district of a special duty to notify the county of *all* snow and ice conditions existing upon its roadways. Moreover, the county had no justifiable expectation that the district had, for the county's benefit, undertaken to patrol its roadways for the express purpose of detecting and reporting such conditions, thereby relieving the county of its own obligation to do so *(cf. Florence v Goldberg, supra,* at p 197). We cannot say that the mere reporting of a dangerous condition by one municipal entity to another municipal entity having the statutory obligation to correct such condition

constituted a voluntary assumption by the former of a special duty to do so in all instances.

Because the evidence submitted in opposition to the district's motion for summary judgment failed, as a matter of law, to establish a triable issue with respect to the existence of a special duty owed to Nassau County or to any of the other parties bringing claims against the district in these actions, the motion must be granted in its entirety, and all complaints, third-party complaints and cross claims against the district must be dismissed.

The claim by Nassau County that the district's motion was improperly made prior to joinder of issue on the first third-party complaint in the first action, was not raised at Special Term, and is, therefore, not preserved for appellate review (see, Nelson v Times Sq. Stores Corp., 110 AD2d 691, appeal dismissed 67 NY2d 645). Bracken, J. P., Niehoff, Rubin and Lawrence, JJ., concur.