■ BARBARA J. GOUDREAU, Appellant, v CITY OF RENSSELAER et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered July 21, 1986 in Rensselaer County, which granted defendants' motion to dismiss the complaint for failure to state a cause of action.

Plaintiff engaged a contractor to perform certain alterations and additions to plaintiff's single-family residential building in defendant City of Rensselaer, Rensselaer County. After the work was completed, the city's Department of Buildings inspected plaintiff's property and defendant Commissioner of Buildings issued a certificate of compliance and occupancy pursuant to the Uniform Fire Prevention and Building Code (19 NYCRR 441.2). Allegedly, in reliance upon this certificate, plaintiff paid the contractor for the renovation work, but shortly thereafter she discovered various structural defects and was unable to occupy or rent the property. Plaintiff commenced this action against the city and the Commissioner of Buildings, and defendants moved to dismiss the complaint for failure to state a cause of action. Supreme Court granted the motion and this appeal by plaintiff ensued.

We reverse on constraint of *Garrett v Holiday Inns* (58 NY2d 253). Applying the well-established principle that, in New York, liability may not be imposed on a municipality for failure to enforce a statute or regulation in the absence of some special relationship creating a duty to exercise care for

the benefit of particular individuals, the Court of Appeals held in *O'Connor v City of New York* (58 NY2d 184) that a municipality is not liable to those injured in an explosion for the failure of its building inspector to detect an obvious defect in a recently installed gas system. In *Garrett v Holiday Inns (supra)*, decided the same day as the *O'Connor* case, the third-party plaintiffs, the owners and the lessee/operator of a motel, sought to hold a municipality proportionately liable to the extent that its negligent conduct in issuing a certificate of occupancy contributed to the occurrence of a motel fire which killed or injured a number of guests.* On the question of whether the municipality owed a duty to the motel owners and the lessee/operator, the Court of Appeals explained:

"Although the mere failure to uncover fire and safety violations during inspection clearly would not constitute a sufficient predicate for imposing liability on the [municipality] * * * much more in the way of a special relationship between the [municipality] and [the third-party plaintiffs] is alleged here. If, as is alleged in the [third-party] complaints, known, blatant, and dangerous violations existed on these premises, but the [municipality] affirmatively certified the premises as safe, upon which representation [the third-party plaintiffs] justifiably relied in their dealings with the premises, then a proper basis for imposing liability on the [municipality] may well have been demonstrated * * *

"Finally, we note in this connection that the [municipality] may not escape liability by asserting that the issuance of a certificate of occupancy involves a purely discretionary function. Although it has been held that the grant or denial of a building permit involves a discretionary governmental function, the exercise of which may not form the basis for liability in tort * * * a different situation is presented here. The [municipality] had a duty, in the face of the alleged blatant and dangerous code violations, to refuse to issue a certificate of occupancy * * * No exercise of judgment or weighing of competing factors was necessary" *(Garrett v Holiday Inns, supra,* at 262-263 [citations and footnote omitted]).

In the case at bar, plaintiff has also alleged "much more in

---

* In the main actions for wrongful death, personal injuries and property damage brought by or on behalf of the motel guests, the municipality had originally been named as a defendant, along with the owners and lessee/operator of the motel. However, because the plaintiffs had alleged no more than a violation of a general duty owed by the municipality to the public at large, the complaints against the municipality were held to be insufficient *(Garrett v Town of Greece,* 55 NY2d 774, *affg on opn below* 78 AD2d 773).

the way of a special relationship" between the city and herself, for she has alleged that when the city certified the premises as safe, the Commissioner of Buildings knew of numerous substantial and blatant building code violations which rendered the premises dangerous and unfit for habitation; she also has alleged that she relied upon the city's representation in her dealings with the premises. Since the allegations in plaintiff's complaint are virtually identical to those found sufficient in the *Garrett* case, defendant's motion to dismiss the complaint for failure to state a cause of action should be denied.

The city points out in its brief that plaintiff's building is a single-family residence, not subject to the provisions of the Multiple Dwelling Law. In the *Garrett* case, the Court of Appeals noted that the provision of the Multiple Dwelling Law pursuant to which the certificate of occupancy was issued "itself appears to contemplate a special relationship between the municipality and a person relying on its certificate" *(Garrett v Holiday Inns,* 58 NY2d 253, 262, n 4, *supra),* but it is clear from the broad language quoted at length above *(see, supra,* at 263, n 5), and from the court's subsequent description of its holding in *Garrett (see, De Long v County of Erie,* 60 NY2d 296, 305), that the Court of Appeals did not rely upon the statutory provisions as the basis for finding a special duty. Finally, since Supreme Court's decision and the parties' motion papers and briefs on appeal have focused only on the duty aspect of this case, we have limited our consideration to that issue.

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.