OPINION OF THE COURT
Edward H. Lehner, J.
The issue raised on this application pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint is whether a defendant accused of fraud may claim indemnity or contribution from a third party.
Defendants had sold their cooperative apartment to plaintiff who sues herein based on a claim that defendants represented "that a raise in maintenance of approximately five percent was likely” for the following year, whereas they knew that such charges were "about to substantially be raised by an amount in excess of 25%”. By prior order of this court the cause of action for breach of warranty was dismissed, but plaintiff was found to have stated sufficient facts necessary to satisfy the pleading requirements of a fraud cause of action.
In their third-party complaint, defendants assert that third-party defendant Casino Mansions Company (Casino), the cooperative corporation that owns the subject building, "carelessly and negligently represented” to Whitney (the husband of codefendant Howell) that maintenance charges would be increased by 5% and that Whitney reasonably relied upon such representation in making representations to plaintiff on that subject. Defendants assert that as a consequence of such misrepresentation, Casino is required to indemnify them for any judgment obtained by plaintiff, and that if indemnification is not applicable, it is entitled to contribution under CPLR article 14.
Casino maintains that (1) defendants are not entitled to indemnity because they are charged with having acted fraudu *443 lently, and common-law indemnity is only available to one whose liability is vicarious, and (2) it may not be held liable for contribution because it owed no duty to plaintiff, and because defendants are accused of having committed an intentional wrong, whereas the claim against it is in negligence.
INDEMNIFICATION
For plaintiff to prevail against defendants, he must establish to the trier of fact the truth of the allegations of fraud, including the assertion in paragraph 18 of the complaint of a representation relating to a maintenance increase which they "knew * * * was false”.
"Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine.” (Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., 109 AD2d 449, 453 [1st Dept 1985]; see also, Henderson v Waldbaums, 149 AD2d 461.)
Since the claim against defendants, as set forth in the complaint, can only be sustained upon a finding that they knowingly committed a wrong, to wit, misrepresented the status of future maintenance charges, they are not entitled to common-law indemnity. Thus, the first cause of action in the third-party complaint is dismissed.
CONTRIBUTION
As recognized in Trustees of Columbia Univ. v Mitchell/ Giurgola Assocs. (supra, at 454), a "different situation prevails with regard to the claims for contribution [as] [t]he right to contribution and apportionment of liability among multiple wrongdoers arises when they each owe a duty to plaintiff or to each other and by breaching their respective duties they contribute to plaintiff’s ultimate injuries.” This follows from the rules set down in Garrett v Holiday Inns (58 NY2d 253 [1983]) where the court dismissed an implied indemnity claim against a third-party defendant who owed no duty to the injured plaintiff, but allowed the third-party complaint for contribution to stand, stating (at 261): "If an independent obligation can be found on the part of a concurrent wrongdoer to prevent foreseeable harm, he should be held responsible for the portion of the damage attributable to his negligence, *444 despite the fact that the duty violated was not one owing directly to the injured person.”
Rosner v Paley (65 NY2d 736 [1985]), cited by Casino as impliedly reversing Garrett (supra) by requiring "that a third party defendant must owe a duty to the original plaintiff’ is inapposite, as there it appears that the complaint did not allege a cognizable claim against either plaintiff or third-party plaintiff.
Since a cooperative owes a fiduciary duty to its shareholders (Demas v 325 W. End Ave. Corp., 127 AD2d 476 [1st Dept 1987]), defendants are in a position to assert that a misrepresentation of future maintenance charges would be a violation of a duty owed to them.
The fact that defendants have alleged only negligent misrepresentation and have not asserted intentional misconduct should not deprive them of the right to obtain contribution. Here the alleged wrongs all relate to misrepresentations with respect to future maintenance charges. In Schauer v Joyce (54 NY2d 1 [1981]), the court quoted Siegel (NY Prac § 172, at 213), to the effect that contribution "applies not only to joint tortfeasors, but also to concurrent, successive, independent, alternative, and even intentional tortfeasors.” Such language also appears in Board of Educ. v Sargent, Webster, Crenshaw & Folley (71 NY2d 21, 27 [1987]) and Ravo v Rogatnick (70 NY2d 305, 312 [1987]).
To illustrate the working of the contribution statute, Professor Siegel presents a situation where a plaintiffs loss is sustained as a result of fraud by one party and negligence by another, and concludes that "[e]ach party’s responsibility will be apportioned according to his 'equitable share’ and 'relative culpability’, regardless of theory” (Siegel, NY Prac § 172, at 213). If Casino’s position were correct and an intentional tortfeasor could not obtain contribution from one who is only negligent, in a situation where a person sustains personal injuries as a result of acts which are found intentional by one defendant and only negligent by another, the negligent actor would be relieved of liability. That would not represent good public policy and not a proper interpretation of the law.
Although the court finds that defendants are not barred from asserting a claim for contribution for negligent misrepresentation by Casino, they have failed to satisfy the pleading requirement of CPLR 3016 (b) that the "circumstances constituting the wrong be stated in detail.” The third-party com *445 plaint states that Casino negligently made representations "that maintenance charges/assessments on the cooperative would be increased by approximately five percent”. However, neither the name of the person making the representations, nor the manner in which they were made, is set forth in the pleading. Without such specificity, the complaint is insufficient. (See, New York Fruit Auction Corp. v City of New York, 81 AD2d 159 [1st Dept 1981], affd 56 NY2d 1015 [1982].)
Accordingly, the third-party complaint is dismissed with leave to replead a cause of action for contribution within 20 days of service of a copy of this order.