■ MARY A. GREEN et al., Appellants, v MICHAEL C. IRWIN, Doing Business as L M & K CONSTRUCTION COMPANY, et al., Defendants, and TOWN OF POUGHKEEPSIE, Respondent.—Mikoll, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Benson, J.), entered April 10, 1990 in Dutchess County, which, *inter alia,* granted defendant Town of Poughkeepsie's motion for summary judgment dismissing the complaint against it.

The primary questions presented on this appeal are (1) whether the building permit application submitted by plaintiffs' contractor contained such blatant and patent violations of defendant Town of Poughkeepsie's building and zoning laws and regulations as to create a duty upon the Town not to issue the building permit, and (2) whether Supreme Court erred in denying plaintiffs' motion to amend the complaint to assert a new claim because the new claim was not based on the same transaction as the original and, therefore, did not relate back to it. In our view both questions should be answered in the negative. Therefore, the order of Supreme Court granting the Town's motion for summary judgment dismissing the complaint against it should be affirmed.

The record reveals that on October 10, 1987, plaintiffs entered into an agreement with defendant Michael C. Irwin. Irwin agreed to build a two-story addition to plaintiffs' house in the Town of Poughkeepsie, Dutchess County, for the total price of $62,000 with a down payment of $26,600 and six other payments to be made as the work progressed. At that time, Irwin stated that the work would begin immediately.

Irwin submitted an application to the Town dated October 9, 1987 for a building permit. The application specified that the owner and builder agreed to conform to all applicable laws of the Town. A building permit granting plaintiffs permission

to build an addition in accordance with the application and plans and specifications attached was issued on October 14, 1987. The work began on that day. The down payment specified in the agreement was made by check signed October 15, 1987 by plaintiff Larry Green.

Building inspectors for the Town made inspections as the work progressed. However, in early 1988 plaintiffs became concerned with the quality of the work done and called the Town's Building Department. During a May 1988 meeting with departmental employees, plaintiffs were informed that certain code requirements had not been met. Subsequently plaintiffs prohibited Irwin from continuing the work and engaged defendant Mark Paolillo to correct and finish the work. After Paolillo began working, the Town revoked the building permit by letter dated February 2, 1989, citing certain sections of the Town's building code and ordinances. Paolillo then left the job site without completing the work.

Plaintiffs then commenced this action against Irwin and the Town claiming that Irwin did not construct the building in a good and workmanlike manner, used inferior materials and neglected to finish the work. Plaintiffs alleged that the Town, via its employees, negligently, recklessly and carelessly allowed, caused and permitted a building permit to be issued and the construction to continue with knowledge that the work was not in compliance with the Town's building code regulations. It is alleged that the Town's building inspectors only had to examine the construction plans to determine that the value of the improvement was undervalued and that more detailed architectural plans were required, and that they were required to reject the application. In its answer, the Town denied the allegations, asserted the defenses of failure to state a cause of action, expiration of the Statute of Limitations and untimely filing of the notice of claim, and cross-claimed against Irwin for indemnification or contribution. Irwin's answer denied the allegations of the complaint, counterclaimed for money due for extras provided at plaintiffs' requests and cross-claimed for indemnification or contribution against the Town.

Thereafter, plaintiffs made a motion to add Paolillo as a party defendant and an additional claim against the Town alleging negligence in the Town's employment and supervision of its building inspectors. The Town moved to dismiss the complaint and the cross claims against it. Although Supreme Court granted the motion to the extent of adding Paolillo to the suit, it denied the motion with respect to adding the new

claim because it was time barred and the original claim did not give notice of the transaction or occurrence involved in the new cause of action warranting application of the relation back doctrine. Supreme Court also dismissed the complaint and cross claims against the Town, finding that the Town could not be held liable for the discretionary acts of its employees. This appeal followed.

"[I]n New York, liability may not be imposed on a municipality for failure to enforce a statute or regulation in the absence of some special relationship creating a duty to exercise care for the benefit of particular individuals" *(Goudreau v City of Rensselaer,* 134 AD2d 709, 709-710). Much more in the way of a special relationship need be alleged than the mere failure to uncover fire and safety violations during an inspection to constitute a sufficient predicate for imposing liability on the municipality *(supra,* at 710). In *Garrett v Holiday Inns* (58 NY2d 253), the Court of Appeals held that "[i]f, as is alleged in the complaints, known, blatant, and dangerous violations existed on these premises, but the town affirmatively certified the premises as safe, upon which representation appellants justifiably relied in their dealings with the premises, then a proper basis for imposing liability on the town may well have been demonstrated" *(supra,* at 262). The court further held that a municipality may not escape liability by asserting that the issuance of a certificate of occupancy involved a purely discretionary function, explaining that: "Although it has been held that the grant or denial of a building permit involves a discretionary governmental function, the exercise of which may not form the basis for liability in tort (e.g., *Rothkamp v Young,* 21 AD2d 373, affd on opn below 15 NY2d 831), a different situation is presented here. The town had a duty, in the face of the alleged blatant and dangerous code violations, to refuse to issue a certificate of occupancy. No exercise of judgment or weighing of competing factors was necessary. Accordingly, under the circumstances of this case, the obligation imposed on the town cannot be viewed as discretionary" *(Garrett v Holiday Inns, supra,* at 263).

No such duty is shown to exist here. There does not appear to be any comparable affirmative certification that the premises would be safe by the Town's issuance of the building permit as was present in the issuance of the certificate of occupancy in *Garrett.* This follows from the difference in function and character of the two documents. A certificate of occupancy is a final document relating to a completed project

that has been reviewed to determine compliance with the applicable fire and safety codes. On the other hand, a building permit is an initial document, conditionally issued, allowing work to begin on a specified project. The work is to be done according to the applicable building, fire and safety codes and regulations, and contemplates ongoing inspections for the purpose of facilitating the issuance of a final certificate of occupancy. The application for the permit contains a statement that the owner agrees to comply with all applicable laws of the jurisdiction and to adhere to the plans and specifications affixed to the application. Significantly, the building permit issued plaintiffs contained this printed warning: "You must secure a certificate of occupancy before this building is occupied." Plaintiffs were bound to construct a building in compliance with the applicable building codes and regulations. The discrepancies in the application do not appear to be so blatant as to invalidate the issuance of the building permit.

Further, there is no showing of the existence of a special relationship that would impose liability on the part of the Town. Plaintiffs were under a contract obligation to pay the down payment. The contract did not condition payment of the down payment on the issuance of the building permit. Other payments were to be made on the completion of portions of the work. Plaintiffs asserted that they had called Irwin on October 12, 1987 to make sure there were no assumptions on anyone's part about the contract. Thus, plaintiffs were liable for the down payment independent of the issuance of the permit and there is no evidence of a contrary arrangement.

Plaintiffs' allegation that they relied on inspection reports and a meeting with an inspector in April 1988, at which they were assured that the building met code requirements, is not sufficient to create a special relationship. There is an absence of proof of actual reliance on the inspection reports, which plaintiffs were not aware of and never saw. As no payments were made to Irwin after the April 1988 meeting, assurances made there were after the fact.

Plaintiffs' motion to amend their complaint to assert a new cause of action alleging negligent employment and supervision of the building inspectors was properly denied because the new cause of action would expand the scope of proof and legal considerations of the original cause of action (see, Caffaro v Trayna, 35 NY2d 245, 251; see also, Shapiro v Schoninger, 122 AD2d 38).

Casey, J. P., Weiss, Levine and Crew III, JJ., concur. Ordered that the order is affirmed, without costs.