■ Laurie Rickson et al., Respondents, v Town of Schuyler Falls, Appellant. [694 NYS2d 213] —Peters, J. Appeal from an order of Supreme Court (Dawson, J.), entered September 11, 1998 in Clinton County, which partially denied defendant's motion to dismiss the complaint for, *inter alia*, failure to state a cause of action.

In November 1997, Earth Waste Systems, Inc. (hereinafter EWS) applied for and received a building permit from defendant to "[r]emove & [r]euse" a 40 × 90-foot metal building to a different site on their property. Such metal building, straddling the property owned by EWS and that of plaintiff Laurie Rickson, was not, however, owned by EWS but by Rickson. Rickson also owned, together with plaintiff Michael Rickson, a trailer which was solely on her property. After the issuance of the building permit, EWS destroyed the metal building and removed the trailer.

In December 1997, plaintiffs served a notice of claim on defendant within the applicable Statue of Limitations. In February 1998, this action was commenced, premised upon defendant's alleged negligence in its issuance of a "permit for demolition and removal of said building and trailer" to EWS.*
In lieu of answering, defendant moved to dismiss the com-

---

* A second cause of action sought damages for an improper tax assessment based upon the value of the building which had been destroyed. Plaintiffs ultimately agreed to the dismissal of such cause of action.

plaint as barred by documentary evidence (*see*, CPLR 3211 [a] [1]) and for its failure to state a cause of action (*see*, CPLR 3211 [a] [7]). Supreme Court partially granted the motion as it pertained to the removal of the trailer by concluding that a defense founded upon documentary evidence was presented. Defendant appeals.

Upon a motion to dismiss pursuant to CPLR 3211, we must afford the pleading a liberal construction, and accord all inferences in favor of plaintiffs to determine "whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88). To prevail on a defense founded upon documentary evidence, it must "conclusively establish[ ] a defense to the asserted claims as a matter of law" (*id.*, at 88).

Upon our review, we find such defense established. EWS' permit application specifically detailed that it sought permission to "remove and reuse" the metal building, notwithstanding the option presented thereon to procure a demolition permit. The permit actually issued did not allow demolition, but rather removal and reuse of the disputed 40 × 90-foot building to a different location on the EWS property. The affidavit of Codes Enforcement Officer Robert Wicihowski reviewed the circumstances under which the permit was issued, noted that the description of the proposed work was purposefully detailed on the permit and that the underlying application and the resultant permit indicates that it was never issued for the demolition of a building. Even assuming the truth of the facts stated in the complaint, we find the documentary evidence to conclusively establish a defense to the asserted claims as a matter of law (*see*, *Leon v Martinez, supra*; *Quail Ridge Assocs. v Chemical Bank*, 162 AD2d 917, *lv dismissed* 76 NY2d 936).

In making such determination, and in rejecting any contention that responsibility must befall defendant for a failure to confirm property lines and discern that such building straddled plaintiff's property, we note that the "grant or denial of a building permit involves a discretionary governmental function, the exercise of which may not form the basis for liability in tort" (*Garrett v Holiday Inns*, 58 NY2d 253, 263; *see*, *Rottkamp v Young*, 21 AD2d 373, *affd on opn below* 15 NY2d 831; *see also*, *Green v Irwin*, 174 AD2d 879, 881). We acknowledge that the issuance of a building permit presupposes compliance with building and zoning laws (*see*, *Rolfe v Village of Falconer*, 62 NY2d 884; *Rottkamp v Young, supra*) and that the applicable land use ordinance required that evidence of property ownership be submitted to the zoning officer at the time of the application. However, defendant cannot be held liable for its fail-

ure to confirm such ownership or from protecting against unauthorized alterations to another's property (*see, Rolfe v Village of Falconer, supra*) " 'in the absence of some special relationship creating a duty to exercise care for the benefit of particular individuals' " (*Green v Irwin, supra*, at 881, quoting *Goudreau v City of Rensselaer*, 134 AD2d 709, 709-710; *see, Garrett v Holiday Inns, supra*, at 261; *Newhook v Hallock*, 215 AD2d 804). With no such special relationship found, we dismiss the complaint.

Spain, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied in part defendant's motion to dismiss the complaint; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.

