■ LOURDES GONZALEZ, Appellant, v BARBIERI, INC., et al., Defendants, and CITY OF NEW YORK, Respondent. (And Four Related Actions.) [705 NYS2d 399] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Steinhardt, J.), dated January 22, 1999, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the appeal from so much of the order as granted that branch of the motion which was to dismiss the cross claims is dismissed, as the plaintiff is not aggrieved thereby; and it is further,

Ordered that the order is affirmed insofar as appealed from and reviewed, with costs.

The plaintiff allegedly was injured while on an amusement park ride known as the "Hell Hole" at Coney Island Astroland Park in Brooklyn. She claims that the City of New York is at fault in the happening of the accident based on an alleged violation of Labor Law § 870-e, the statute governing permits and inspections for such rides.

Absent the existence of a special duty owed to a particular plaintiff, a municipality cannot be held liable for its failure to enforce a specific statute or regulation (*see, Miller v State of New York,* 62 NY2d 506, 510; *Garrett v Holiday Inns,* 58 NY2d 253, 261-262; *O'Connor v City of New York,* 58 NY2d 184, 189). Labor Law § 870-e inures to the benefit of the public at large,

and the plaintiff alleges no facts sufficient to demonstrate that the City exercised direction or control over the operation of the amusement ride. Therefore, no special duty existed and the City cannot be held liable (*see, e.g., O'Connor v City of New York*, 58 NY2d 184, 191, *supra*; *Worth Distribs. v Latham*, 59 NY2d 231; *O'Brien v Carven Assocs.*, 146 AD2d 614; *cf., Smullen v City of New York*, 28 NY2d 66). Joy, J. P., Altman, Goldstein and H. Miller, JJ., concur.