Orders, Supreme Court, New York County (Paul G. Feinman, J.), entered October 5, 2011, which, upon reargument, granted so much of defendants-respondents’ (the City) motion to dismiss as sought dismissal of defendants-appellants’ (the construction defendants) cross claims seeking indemnification and contribution, unanimously affirmed, without costs.
In this wrongful death action arising from a crane collapse during construction of a building, the court correctly dismissed the cross claims, as the construction defendants have not shown a special relationship between themselves and the City that gave rise to a special duty (see Garrett v Holiday Inns, 58 NY2d 253, 261-262 [1983]). A municipality is not liable for negligent performance of a governmental function unless there exists a special duty to the injured party, as opposed to a general duty owed to the public (McLean v City of New York, 12 NY3d 194, 199 [2009]). Here, nothing in the record indicates that the City assumed an affirmative duty, either through promises or acts, to ensure the safety of the crane on the construction defendants’ behalf (see id. at 201-202). Rather, the City took steps to ensure the safety of the crane as an exercise of its duty to the general public (id.). There is also no evidence that the City directed and controlled the subject crane in the face of known, blatant, and dangerous safety violations (cf. Garrett, 58 NY2d at 262; Smullen v City of New York, 28 NY2d 66, 70-71 [1971]). Rather, the record shows that at the time the City authorized the crane’s operation on the site, it was not aware of the faulty weld condition that caused the accident.
Given the absence of a showing of a special duty, we need not determine whether the City’s authorization of the use of the crane was discretionary or ministerial (see Valdez v City of New York, 18 NY3d 69, 80 [2011]). In any event, given the record, we *505 would find that the City’s authorization was discretionary, as it was based on the exercise of reasoned judgment (see Tango v Tulevech, 61 NY2d 34, 41 [1983]).
We have reviewed the construction defendants’ remaining contentions and find them unavailing. Concur—Andrias, J.P., Renwick, Freedman and Richter, JJ.