■ EDMUND SARVER, Appellant, v JAMES MARTYN, Doing Business as PELHAM BIT STABLES, et al., Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Miller, J.), entered March 3, 1989, which upon granting the defendants' cross motion for summary judgment, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

It is well settled that in order to successfully resist a motion for summary judgment, the opposing party "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" *(Zuckerman v City of New York,* 49 NY2d 557, 562; *see also, Gervasio v Di Napoli,* 134 AD2d 235, 236). In this case, the plaintiff's papers are fatally deficient with respect to a most crucial issue, i.e., what in fact caused the horse, which was supplied by the defendants, to suddenly

fall to the ground and throw the plaintiff from the saddle. The plaintiff's conclusion that the horse was sick is unsupported by any probative evidence and amounts to sheer speculation. "Mere hope that somehow the [plaintiff] will uncover evidence that will prove [his] case, provides no basis, pursuant to CPLR 3212 (f), for postponing a decision on a summary judgment motion" (Kennerly v Campbell Chain Co., 133 AD2d 669, 670).

Further, the doctrine of res ipsa loquitur is inapplicable since the plaintiff's injury was of the type which could occur without the neglect of some duty owed to him by the defendants (see, De Witt Props. v City of New York, 44 NY2d 417, 426; Abbott v Page Airways, 23 NY2d 502, 512). Neither can liability be inferred by reason of an alleged violation of the New York City Administrative Code by the defendants, since there is no proof that the plaintiff's accident was causally connected to that violation (see, Sheehan v City of New York, 40 NY2d 496, 501; Chapin v City of White Plains, 104 AD2d 785, 786). Mangano, P. J., Kunzeman, Rubin and Balletta, JJ., concur.