■ BETTY WOOD, Appellant, v HEATHER OTHERSON, Respondent. [620 NYS2d 481] —In action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Coppola, J.), entered July 7, 1993, which granted the defendant's motion for leave to amend the answer and for summary judgment dismissing the complaint and which dismissed as academic her cross motion for discovery, and (2) from a judgment of the same court entered July 22, 1993, which dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further, ·

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

In a prior action in which the father of the defendant, Heather Otherson, was named as the sole defendant, the plaintiff testified unequivocally at her deposition that her injuries were sustained in the course of an assault perpetrated by Heather. In view of this testimony, it is clear that the

plaintiff's argument in opposition to the defendant's motion for summary judgment that discovery might uncover evidence that her injuries resulted from the defendant's negligence is nothing more than an expression of mere hope on her part *(see, Sarver v Martyn,* 161 AD2d 623; *Kennerly v Campbell Chain Co.,* 133 AD2d 669, 670). The plaintiff, therefore, failed to provide a basis pursuant to CPLR 3212 (f) for postponing a decision on the defendant's summary judgment motion *(see, Sarver v Martyn, supra).*

We have reviewed the plaintiff's remaining contentions and conclude that they are without merit. Mangano, P. J., Lawrence, Copertino, Krausman and Goldstein, JJ., concur.