Elzo Davis et al., Infants, by Their Mother and Natural Guardian, Mary Walker, Appellants, v Carrie Owens et al., Defendants, and City of New York, Respondent. [686 NYS2d 31] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered on or about January 13, 1998, which, to the extent appealed from, granted defendant City of New York's motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.

Since the municipal defendant herein is sued for negligence in the performance of its governmental functions, it may not be found liable unless it was, by statute or its own voluntary undertaking, specially obligated to perform the subject functions specifically for plaintiffs' benefit (*Miller v State of New York*, 62 NY2d 506, 510; *Garrett v Holiday Inns*, 58 NY2d 253, 261). Proof to satisfy this condition of liability is completely absent from the record. The version of New York City Health Code (24 RCNY) § 173.13 (d) (2) in effect at the time of the actions complained of, enacted for the benefit of the general public and not for the special benefit of a specific class of individuals such as plaintiffs, does not give rise to the requisite special

duty (*see, O'Connor v City of New York*, 58 NY2d 184, 189-191; *Jaramillo v Callen Realty*, 200 AD2d 425, *lv denied sub nom. Beres v City of New York*, 84 NY2d 801). Nor is there evidence of any voluntary assumption by the municipal defendant through its agents of a special duty to plaintiffs. Indeed, the complaint alleges nothing more than negligence in performance of statutory duties. Concur—Sullivan, J. P., Ellerin, Williams and Tom, JJ.