OPINION OF THE COURT
James H. Shaw, Jr., J.
In this action to recover damages for personal injuries alleg *314 edly sustained by the infant plaintiffs Me’chelle Missouri and Gayle Missouri (the infant plaintiffs) by their exposure to lead-based paint, defendant New York City Housing Authority (NYCHA) moves for summary judgment dismissing plaintiffs’ complaint and defendant Ernestine Boyce’s cross claim as against it.
This action was brought on behalf of two infant plaintiffs, by their mother and natural guardian, plaintiff Gail Missouri, and Gail Missouri, individually, to recover damages against defendants Ernestine Boyce and the NYCHA for injuries allegedly sustained by the infant plaintiffs from their exposure in 1995 to lead-based paint within an apartment in a building, located at 958 Bedford Avenue, in Brooklyn, New York. The infant plaintiffs were diagnosed with lead poisoning in July 1995. Defendant Ernestine Boyce is the owner of said apartment building. Plaintiffs were tenants in the subject apartment under the Federal section 8 program of the United States Housing Act of 1937, codified at 42 USC § 1437f. The NYCHA administered plaintiffs’ tenancy at the aforesaid apartment in its capacity as a public housing agency (PHA) pursuant to 42 USC § 1437f (section 8), as implemented by the United States Department of Housing and Urban Development (HUD) regulations set forth in 24 CFR parts 882 and 982.
Plaintiffs’ complaint as against the NYCHA alleges that the NYCHA was negligent in failing to enforce State and local laws regarding lead paint, and also alleges claims of common-law negligence. Defendant Ernestine Boyce has interposed a cross claim seeking contribution and indemnification from the NYCHA.
In support of its motion for summary judgment, the NYCHA argues that since it was never the owner of the section 8 property at issue and its relationship to plaintiffs and the subject apartment arose solely pursuant to the section 8 statute and regulations, it, as a nonowner PHA, cannot be held liable herein. The precise issue of whether a private right of action exists against the NYCHA under the section 8 statute, the Lead-Based Paint Poisoning Prevention Act (LPPPA) (codified at 42 USC § 4822 et seq.), and their implementing regulations was recently addressed in Roman v Morace (1997 WL 777844, 1997 US Dist LEXIS 19926 [SD NY, Dec. 16, 1997]). In that case, the United States District Court for the Southern District of New York, after conducting an exhaustive analysis of the section 8 statute (42 USC § 1437f), the LPPPA, *315 and their implementing regulations, under the standards set by the United States Supreme Court in Cort v Ash (422 US 66), concluded that no private right of action exists under these laws enabling individuals to sue the NYCHA.
This ruling in Roman v Morace (supra) is consistent with the rulings by other Federal courts and numerous New York State Supreme Courts which have recently addressed this issue (see, Lindsay v New York City Hous. Auth., 1999 WL 104599, 1999 US Dist LEXIS 1893 [ED NY, Feb. 24, 1999]; Franklin v Caisi Mgt. Co., US Dist Ct, ED NY, June 5, 1997, Raggi, J., 95 Civ 3460; Murdock v Harris, NYLJ, Aug. 4, 1999, at 24, col 3 [Belen, J.]; Cardona v 642-652 Willoughby Ave. Corp., 182 Misc 2d 223; Greene v New York City Hous. Auth., Sup Ct, Kings County, June 18, 1999, Rappaport, J., index No. 28051/96; Palmer v Millien, NYLJ, Mar. 31, 1999, at 35, col 1 [Belen, J.]; Williams v City of New York, Sup Ct, NY County, Mar. 30, 1999, Gangel-Jacob, J., index No. 116908/96; Jenes v Katz, Sup Ct, Kings County, Sept. 25, 1998, Ruchelsman, J., index No. 79140/97; Tavares v Shendell Realty Group, Sup Ct, Bronx County, Aug. 25, 1998, McKeon, J., index No. 7827/97; Hill v 1801 Weeks Ave. Corp., Sup Ct, Bronx County, July 22, 1998, Katz, J., index No. 26402/97; Bannister v Samuel, Sup Ct, Kings County, June 5, 1998, Barasch, J., index No. 49154/96; Feliciano v 1509 St. Nicholas Assocs., Sup Ct, Bronx County, May 1, 1998, Crispino, J., index No. 18720/96; Seaberry v Henry, Sup Ct, Kings County, Apr. 22, 1998, Held, J., index No. 79367/97).
In opposition to the NYCHA’s motion, plaintiffs essentially concede that there is no private right of action against the NYCHA under the section 8 statute, the LPPPA, or their implementing regulations. Plaintiffs argue, however, that the NYCHA may be held liable to them based upon common-law negligence and for its alleged violation of State and local laws and regulations.
In addressing plaintiffs’ arguments, the court notes that a municipal agency may not be held liable to injured persons for negligently exercising or performing its governmental functions or its obligations imposed by statutes or regulations in the absence of proof of “the existence of a special duty owing to the persons injured in contrast to a duty owed to the general public” (Bargy v Sienkiewicz, 207 AD2d 606, 608; see also, Bonner v City of New York, 73 NY2d 930, 932; Garrett v Holiday Inns, 58 NY2d 253, 261; Florence v Goldberg, 44 NY2d 189, 195-196). “Such a duty is found when a special relationship ex *316 ists between the municipal * * * [agency] and an individual or class of persons warranting the imposition of a duty to use reasonable care for those persons’ benefit” (Garrett v Holiday Inns, supra, 58 NY2d, at 261). Pursuant to this principle, liability is imposed where the municipal agency “has voluntarily assumed a duty, the proper exercise of which was justifiably relied upon by persons benefitted thereby” (supra, at 262; see also, Bargy v Sienkiewicz, supra, 207 AD2d, at 608-609).
Plaintiffs contend that a special duty was owed to them by the NYCHA, and that the NYCHA may, therefore, be held liable to them for common-law negligence. In support of this contention, plaintiffs rely upon Bargy v Sienkiewicz (supra, 207 AD2d 606), a lead-poisoning case, in which the Appellate Division, Third Department, denied summary judgment to the County of Albany, holding that said county had assumed a special duty to the lead-poisoned infant plaintiffs therein. Such reliance, however, is misplaced since, in Bargy v Sienkiewicz (supra, at 609), there was evidence demonstrating that the county had exceeded its general duty of lead paint inspection and abatement. Specifically, the county had recommended the removal of the infants during the lead paint abatements and had kept the family therein apprised of the progress of each abatement (supra). There was also detrimental reliance by the plaintiff in that case upon representations by the county’s inspector as to the safety of the premises (supra). Such inspector advised said plaintiff each time a lead paint hazard was found, stayed in contact with her, and gave her his approval to return to the premises after an inadequate abatement had been completed, resulting in the lead poisoning of the infants therein (supra).
In the case at bar, in contrast, plaintiffs merely assert that the NYCHA voluntarily and affirmatively assumed a special duty to them by determining that they were qualified to receive its assistance in housing placement and subsidies, and by acting on their behalf in providing such assistance by placing them in housing chosen and supervised by it. Plaintiffs also assert that the NYCHA further assumed a special duty to them by its performance of a mandatory routine visual inspection of the premises before placing them to live at such premises.
The foregoing assertions by plaintiffs, however, are patently insufficient to establish a special relationship between plaintiffs and the NYCHA so as to create a duty owed by the NYCHA to them to protect them from lead poisoning (see, Lindsay v New York City Hous. Auth., supra, 1999 WL 104599, 1999 US Dist *317 LEXIS 1893; Murdock v Harris, supra, NYLJ, Aug. 4, 1999, at 24, col 3; Palmer v Millien, supra, NYLJ, Mar. 31, 1999, at 35, col 1; Hill v 1801 Weeks Ave. Corp., supra, Sup Ct, Bronx County, July 22, 1998). There are no facts alleged showing that the NYCHA’s acts in any way exceeded its general duty to provide assistance in housing placement or its general duty of inspection under the Federal regulations in its role as a section 8 administrator, or that it took any steps beyond those required of it pursuant to statutory mandates (see, Lindsay v New York City Hous. Auth., supra; Murdock v Harris, supra; Palmer v Millien, supra; Hill v 1801 Weeks Ave. Corp., supra). Nor are there any factual allegations or evidence that plaintiffs justifiably relied to their detriment upon the NYCHA’s routine lead inspection (see, Lindsay v New York City Hous. Auth., supra; Garrett v Holiday Inns, supra, 58 NY2d, at 261-262; Bargy v Sienkiewicz, supra, 207 AD2d, at 609). Thus, inasmuch as no special duty was owed by the NYCHA to plaintiffs, liability for common-law negligence may not be imposed upon it (see, Lindsay v New York City Hous. Auth., supra; Garrett v Holiday Inns, supra, 58 NY2d, at 261-262; Williams v City of New York, supra, Sup Ct, NY County, Mar. 30, 1999).
Plaintiffs’ further contention that the NYCHA may be held liable to them in negligence for its alleged violations of State and local laws and regulations respecting lead paint poisoning is also devoid of merit. The section 8 statute, the LP-PPA, and the implementing regulations do not impose any affirmative duty upon the PHA to enforce local and State laws concerning lead paint (see, Roman v Morace, supra, 1997 WL 777844, 1997 US Dist LEXIS 19926; Palmer v Millien, supra, NYLJ, Mar. 31, 1999, at 35, col 1). Moreover, in Roman v Morace (supra), the Federal District Court specifically held that there was no cause of action against the NYCHA for violations of State and local laws governing lead paint since such laws did not impose any duty upon the NYCHA with regard to lead paint inspection or abatement but, rather, imposed the duty of enforcement on other entities such as the Department of Health. This holding in Roman v Morace (supra) has been consistently followed by New York State Supreme Court decisions (see, Palmer v Millien, supra, NYLJ, Mar. 31, 1999, at 35, col 1; Tavares v Shendell Realty Group, supra, Sup Ct, Bronx County, Aug. 25, 1998; Hill v 1801 Weeks Ave. Corp., supra, Sup Ct, Bronx County, July 22, 1998).
Thus, inasmuch as the NYCHA may not be held liable to plaintiffs for its alleged violation of State and local laws and *318 regulations or for its alleged negligence and violation of its common-law duties, summary judgment dismissing plaintiffs’ complaint as against it must be granted (see, CPLR 3212 [b]; Roman v Morace, supra; Lindsay v New York City Hous. Auth., supra, 1999 WL 104599, 1999 US Dist LEXIS 1893; Palmer v Millien, supra; Tavares v Shendell Realty Group, supra; Hill v 1801 Weeks Ave. Corp., supra). In view of the court’s determination, defendant Ernestine Boyce is not entitled to contribution or indemnification from the NYCHA, and summary judgment dismissing her cross claim against it must also be granted (see, Murdock v Harris, supra, NYLJ, Aug. 4, 1999, at 24, col 3; Palmer v Millien, supra, NYLJ, Mar. 31, 1999, at 35, col 1; Jenes v Katz, supra, Sup Ct, Kings County, Sept. 25, 1998).
Defendant Ernestine Boyce’s argument, in opposition to the NYCHA’s motion, that summary judgment dismissing her cross claim against the NYCHA should be denied in order to permit her to conduct discovery to enable her to ascertain whether the NYCHA undertook some additional responsibility to plaintiffs and induced plaintiffs to rely upon its findings to their detriment is rejected. The court notes that a General Municipal Law § 50-h hearing has been conducted with regard to plaintiffs’ claims and, as discussed above, there are no factual allegations by plaintiffs that the NYCHA took any steps beyond those required of it in its role as a section 8 administrator. While, pursuant to CPLR 3212 (f), a motion for summary judgment may be denied to permit disclosure to be had where “it appear [s] from affidavits submitted in opposition to the motion that facts essential to justify opposition may exist but cannot then be stated,” here, the opposing papers by Ernestine Boyce and plaintiffs do not give any reason to believe that discovery would produce any evidence supporting liability on the part of the NYCHA.
Ernestine Boyce’s attorney’s conclusory speculation and expression of mere hope, in his affirmation in opposition to the motion, does not demonstrate what facts or evidence might be uncovered through discovery and does not provide a basis for postponing the court’s decision on this motion (see, CPLR 3212 [f]; Wood v Otherson, 210 AD2d 473, 474; Pow v Black, 182 AD2d 484, 485; Denkensohn v Davenport, 130 AD2d 860, 861; Griffin v Cortland Mem. Hosp., 85 AD2d 837). The denial of a motion for summary judgment pursuant to CPLR 3212 (f) must be supported by something more than mere suspicion or surmise (Denkensohn v Davenport, supra, 130 AD2d, at 861). Thus, to deny the NYCHA’s motion pursuant to CPLR 3212 (f), *319 under the circumstances of this case, “would result in impermissibly sanctioning fishing expeditions premised upon surmise, conjecture and speculation” (Kennerly v Campbell Chain Co., 133 AD2d 669, 670; see also, Cadle Co. v Hoffman, 237 AD2d 555; La Scala v D'Angelo, 104 AD2d 930, 931).
Accordingly, the NYCHA’s motion for summary judgment dismissing plaintiffs’ complaint and defendant Ernestine Boyce’s cross claim as against it is granted.