■ CIARA GIBBS et al., Appellants, v GEORGE F. PAINE et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Respondent. [715 NYS2d 708] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated April 19, 1999, as granted that branch of the motion of the defendant New York City Housing Authority which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Tylene Gibbs leased an apartment owned by the defendant George F. Paine in 1994, and her rent was subsidized under the Federal section 8 housing assistance payments program (*see,* 42 USC § 1437f). In 1995 her children, the infant plaintiffs Ciara Gibbs and Tiara Gibbs, were hospitalized with elevated blood lead levels. The New York City Department of Health subsequently ordered Paine to abate violations based upon the presence in the apartment of paint with excessive amounts of lead. The plaintiffs contend, *inter alia,* that the respondent, the New York City Housing Authority (hereinafter the NYCHA), negligently failed to perform its obligations as a

section 8 administrator under the Lead-Based Paint Poisoning Prevention Act (hereinafter LPPPA) (*see,* 42 USC § 4822).

The Supreme Court properly determined that the plaintiffs do not have a private right of action against the NYCHA under LPPPA. The provisions of LPPPA and the relevant implementing regulations (*see,* 24 CFR part 982), which required the NYCHA, *inter alia,* to periodically inspect the plaintiffs' apartment for defective paint surfaces and to direct the owner to correct such conditions, create a Federal right in favor of the plaintiffs (*see, Lindsay v New York City Hous. Auth.,* 1999 WL 104599 [ED NY, Feb. 24, 1999]; *Roman v Morace,* 1997 WL 777844 [SD NY, Dec. 16, 1997]; *Cardona v 642-652 Willoughby Ave. Corp.,* 182 Misc 2d 223). Nevertheless, a determination that the plaintiffs may enforce the provisions of LPPPA through a private right of action also requires a showing that Congress intended to create a private remedy and that such a remedy is consistent with the underlying purposes of the legislative scheme (*see, Cort v Ash,* 422 US 66; *see also, Suter v Artist M.,* 503 US 347, 364). The plaintiffs failed to make this showing. A private remedy is inconsistent with the statute and its regulatory provisions, which place primary responsibility on the United States Department of Housing and Urban Development (hereinafter HUD) to ensure that property owners and public housing authorities comply with LPPPA (*see, Lindsay v New York City Hous. Auth., supra; Roman v Morace, supra; Cardona v 642-652 Willoughby Ave. Corp., supra*).

The plaintiffs have not asserted a cause of action pursuant to 42 USC § 1983 based on LPPPA (*see, Roman v Morace, supra; cf., German v Federal Home Loan Mtge. Corp.,* 885 F Supp 537). Furthermore, the plaintiffs failed to present evidence to support their contention that they may recover damages as third-party beneficiaries of the contract between HUD and the NYCHA.

We agree with the Supreme Court that State and local laws governing lead-based paint do not impose any duty on the NYCHA with regard to inspections or abatement since the NYCHA was not the owner of the apartment in which the plaintiffs resided (*see, Lindsay v New York City Hous. Auth., supra; Roman v Morace, supra; Missouri v Boyce,* 182 Misc 2d 312; *Ubiera v Housing Now Co.,* 184 Misc 2d 846; Administrative Code of City of NY § 27-2056.2 [formerly § 27-2013]; New York City Health Code 24 RCNY 173.13 [d]).

Finally, the plaintiffs failed to establish the existence of a special relationship with the NYCHA (*see, Cuffy v City of New York,* 69 NY2d 255, 260) which would subject it to liability

based on the alleged negligent performance of its statutory duties under LPPPA (*see, Missouri v Boyce, supra; Cardona v 642-652 Willoughby Ave. Corp., supra; cf., Valencia v Sung M. Lee,* 55 F Supp 2d 122; *Bargy v Sienkiewicz,* 207 AD2d 606). Accordingly, the Supreme Court properly granted that branch of the motion of the NYCHA which was for summary judgment dismissing the complaint insofar as asserted against it. O'Brien, J. P., McGinity, Luciano and Schmidt, JJ., concur.