■ CIARA GIBBS, by Her Mother and Natural Guardian, TYLENE GIBBS, et al., Appellants, v GEORGE F. PAINE et al., Defendants, and CITY OF NEW YORK, Respondent. [720 NYS2d 184] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Bruno, J.), dated April 10, 2000, as granted the motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action against, among others, the City of New York, based on its alleged negligent failure to correct a lead-based paint condition in their apartment after the infant plaintiffs were diagnosed with elevated blood lead levels in March 1995. At that time, they resided in an apartment owned by the defendant George F. Paine.

The New York City Department of Health (hereinafter the DOH) inspected the plaintiffs' apartment in March 1995 and issued an order requiring Paine to abate the condition. The DOH inspected the apartment on a number of occasions to monitor Paine's compliance, and on each occasion advised the infant plaintiffs' mother Tylene Gibbs of the remaining areas to be corrected. In October 1996, the DOH issued an inspection report which revealed that one remaining item, a radiator, needed to be corrected. Two years later, in October 1998, an inspection report by the DOH revealed lead-based paint violations, based in part on the poor condition of paint in areas it previously determined had been corrected. Although the infant plaintiffs did not reside in the apartment during the initial

abatement work in the summer of 1995, they thereafter continued to reside in the apartment and tested positive for elevated blood lead levels in 1998.

New York City Health Code (24 RCNY 173.13 [d] [2]) provides that the DOH "shall order the abatement" of a lead-based paint condition "in a manner and under such safety conditions as it may specify" where a child in the apartment has a blood lead level of 20 micrograms per deciliter or higher. Administrative Code of the City of New York § 27-2126 (b) provides that the DOH "shall certify" a dangerous lead-based paint condition to the Department of Housing, Preservation, and Development within a certain period of time if the owner fails to comply with a DOH order to correct the condition.

The plaintiffs contend that the City failed to properly enforce these statutes. As the enforcement of statutes constitutes a governmental function, the plaintiffs were required to establish the existence of a special relationship which imposed a duty on the City to exercise due care for their benefit (*see, O'Connor v City of New York,* 58 NY2d 184, 189; *Garrett v Holiday Inns,* 58 NY2d 253, 261-262; *Metcalfe v Town of Islip,* 225 AD2d 744). The plaintiffs were required to present evidence, *inter alia,* that the City voluntarily assumed an affirmative duty to act on their behalf (*see, Lauer v City of New York,* 95 NY2d 95, 102; *Cuffy v City of New York,* 69 NY2d 255, 260).

Contrary to the plaintiffs' contention, New York City Health Code (24 RCNY) § 173.13 (d) (2) was enacted for the benefit of the general public and does not impose a special duty on the City for their benefit as individuals (*see, Davis v Owens,* 259 AD2d 272; *Valencia v Lee,* 55 F Supp 2d 122; *Lindsay v New York City Hous. Auth.,* 1999 WL 104599 [Dist Ct, ED NY, Feb. 24, 1999]; *Ubiera v Housing Now Co.,* 184 Misc 2d 846; *see also, Bargy v Sienkiewicz,* 207 AD2d 606).

The plaintiffs failed to present sufficient evidence to raise a triable issue of fact on their contention that the City voluntarily assumed an affirmative duty beyond the ordinary inspection and monitoring obligations imposed by statute (*see, Lindsay v New York City Hous. Auth., supra; Ubiera v Housing Now Co., supra*). Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against the City. O'Brien, J. P., Friedmann, Goldstein and H. Miller, JJ., concur.