■ AYANNA MESSAM et al., Appellants, v LLOYD A. WILLIAMS et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY,

Respondent. [727 NYS2d 450] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Queens County (LaTorella, J.), dated June 13, 2000, as granted that branch of the motion of the defendant New York City Housing Authority which was for summary judgment dismissing so much of the complaint as sought to recover damages against it arising from common-law negligence, and (2) a judgment of the same court, dated August 30, 2000, as was entered on that portion of the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issue raised on the appeal from the order is brought up for review and has been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs commenced this action to recover damages after the infant plaintiffs developed elevated lead levels in their blood while living in an apartment owned by the defendants Lloyd A. Williams and Delores Williams. The rent for the premises was subsidized through the Federal section 8 housing assistance payment program (*see,* 42 USC § 1437 [f]), which was administrated at the local level by the defendant New York City Housing Authority (hereinafter the NYCHA). The NYCHA, as a public housing administrator (hereinafter PHA) under the program, was required to comply with various Federal statutes and regulations, including, *inter alia,* regulations requiring the inspection of a dwelling unit to determine whether it met Federal housing quality standards (*see,* 24 CFR 965.601, 982.401 [a] [3]; 982.405 [a]). Where, as here, the unit was built before 1978 and was to contain a child under the age of six, such regulations require a visual inspection for defective paint surfaces; that is, ones upon which the paint is "cracking, scaling, chipping, peeling, or loose" (24 CFR 982.401 [j] [2]; *see,* 24 CFR 982.401 [j] [3]). Such an inspection is directed at preventing lead poisoning from lead-based paint in compliance with the Federal Lead-Based Poisoning Prevention Act (*see,* 42 USC § 4822; 24 CFR 982.401 [j]). The plaintiffs alleged, *inter alia,* that the NYCHA's negligent performance of its duties as a PHA resulted in the failure to detect lead paint in the subject

premises, and was a proximate cause of the damages alleged. In the order appealed from, the Supreme Court granted the motion of the NYCHA for summary judgment dismissing the complaint insofar as asserted against it. On appeal, the plaintiffs limit their arguments to their claim for damages arising from common-law negligence.

The NYCHA's performance of its obligations as a PHA constituted a governmental function and, therefore, it cannot be held liable to the plaintiffs for the alleged negligent performance of such obligations on a common-law negligence theory in the absence of a special relationship between the parties (*see, O'Connor v City of New York,* 58 NY2d 184; *Garrett v Holiday Inns,* 58 NY2d 253; *Gibbs v Paine,* 280 AD2d 517; *Gibbs v Paine,* 276 AD2d 743). Here, in opposition to the NYCHA's prima facie demonstration of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact that such a special relationship existed; that is, that the NYCHA voluntarily assumed an affirmative duty beyond its ordinary inspection and monitoring obligations as a PHA (*see, Gibbs v Paine,* 280 AD2d 517, *supra*; *Gibbs v Paine,* 276 AD2d 743, *supra*). Thus, the common-law negligence cause of action was properly dismissed insofar as asserted against the NYCHA. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.