■ WILLONA HERRON, Respondent, v LONG BEACH HOUSING AUTHORITY, Appellant, et al., Defendants. [727 NYS2d 889] —In an action to recover damages for personal injuries, the defendant Long Beach Housing Authority appeals from an order of the Supreme Court, Nassau County (Mahon, J.), dated May 2, 2000, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

In opposition to the appellant's prima facie showing of its entitlement to summary judgment on the ground that Federal regulations preclude any private right of action against a housing authority for failure to enforce Federal housing quality standards, the plaintiff asserted that the appellant's liability arose from the "special relationship" between it and the plaintiff.

The plaintiff's assertions are insufficient to raise a triable issue as to the existence of a special relationship, as no facts were alleged tending to establish that the appellant, by performing mandatory routine visual inspections of the premises once a year, in any way went beyond its general duty of inspection and abatement under Federal statutes and regulations (see, *Gibbs v Paine*, 276 AD2d 743, 744; *Missouri v Boyce*, 182 Misc 2d 312; cf., *Bargy v Sienkiewicz*, 207 AD2d 606, 609; *Valencia v Lee*, 55 F Supp 2d 122, 130). Consequently, the appellant did not voluntarily and affirmatively assume a special duty to the plaintiff, and the plaintiff therefore failed to satisfy the first element of a special relationship (see, *Cuffy v City of New York*, 69 NY2d 255, 260).

As the plaintiff's arguments in opposition to the appellant's motion for summary judgment were "nothing more than an expression of mere hope" (*Wood v Otherson*, 210 AD2d 473, 474), the Supreme Court should have granted the motion and dismissed the complaint and cross claims insofar as asserted against the appellant. O'Brien, J. P., S. Miller, Schmidt and Cozier, JJ., concur.