■ NASRETTA RIVERA et al., Appellants, v VILLAGE OF SPRING VALLEY et al., Respondents, et al., Defendant. [727 NYS2d 458] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated July 31, 2000, which, *inter alia*, granted the motion of the defendants Village of Spring Valley and Village of Spring Valley Section 8 Department pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages arising from lead poisoning after the infant plaintiff developed an elevated lead level in her blood while occupying premises owned by the defendant Charles Collishaw. The rent for the premises was subsidized through the Federal section 8 housing assistance payment program (*see,* 42 USC § 1437f, as amended), which was administered at the local level by the respondents Village of Spring Valley and Village of Spring Valley Section 8 Department. The respondents, as public housing administrators under the program (hereinafter PHA), were required to comply with various Federal statutes and regulations, including, *inter alia*, regulations requiring the inspection of a dwelling unit to determine whether it met Federal housing quality standards (*see,* 24 CFR 965.601, 982.401 [a] [3]; 982.405 [a]). Where, as here, the unit was built before 1978 and was to contain a child under the age of six, such regulations require a visual inspection for defective paint surfaces; that is, surfaces where the paint is "cracking, scaling, chipping, peeling or loose" (24 CFR 982.401 [j] [2], [3]). Such an inspection is directed at preventing lead poisoning from lead-based paint in compliance with the Federal Lead-Based Poisoning Prevention Act (42 USC 4822) (*see,* 24 CFR 982.401 [j]). The plaintiffs alleged, *inter alia*, that the respondents' negligent performance of their duties under the statutory and regulatory scheme resulted in a failure to detect lead paint in the subject premises. The Supreme Court granted the respondents' motion to dismiss the complaint insofar as asserted against them. We affirm.

The statutory and regulatory scheme governing section 8

housing does not give rise to a private right of action against a PHA (*see,* 24 CFR 982.406; *Gibbs v Paine,* 276 AD2d 743; *Lindsay v New York City Hous. Auth.,* 1999 WL 104599 [ED NY Feb. 24, 1999]; *Ramon v Morace,* 1997 WL 777844 [SD NY Dec. 16, 1997]; *Cardona v 642-652 Willoughby Ave. Corp.,* 182 Misc 2d 223).

Further, because the respondents' enforcement of the statutory and regulatory scheme constitutes a governmental function, the respondents may not be held liable to the plaintiffs for the alleged negligent performance of such obligations on a common-law negligence theory in the absence of a special relationship between the parties (*see, O'Connor v City of New York,* 58 NY2d 184; *Garrett v Holiday Inns,* 58 NY2d 253; *Gibbs v Paine,* 280 AD2d 517; *Gibbs v Paine,* 276 AD2d 743; *Ubiera v Housing Now Co.,* 184 Misc 2d 846). Here, the plaintiffs did not allege that the respondents voluntarily assumed an affirmative duty beyond the ordinary inspection and monitoring obligations imposed by the statutory and regulatory scheme (*see, Gibbs v Paine, supra*; *Gibbs v Paine,* 276 AD2d 743). Thus, a special relationship between the parties was neither pleaded nor apparent.

The plaintiffs' remaining contention is without merit. Ritter, J. P., Friedmann, H. Miller and Crane, JJ., concur.