■ ASHLEY HARRIS et al., Appellants, v PHILLIP LLEWELLYN, Defendant, and CITY OF NEW YORK, Respondent. [748 NYS2d 676] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated July 19, 2001, as granted the cross motion of the defendant City of New York for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[T]o sustain liability against a municipality, the duty breached must be more than a duty owing to the general public. There must exist a special relationship between the municipality and the plaintiff, resulting in the creation of 'a duty to use due care for the benefit of particular persons or classes of

persons' " (*Florence v Goldberg,* 44 NY2d 189, 195, quoting *Motyka v City of Amsterdam,* 15 NY2d 134, 139). Contrary to the plaintiffs' contention, New York City Health Code (24 RCNY) § 173.13 (d) (2) "was enacted for the benefit of the general public and does not impose a special duty on the City for their benefit as individuals" (*Gibbs v Paine,* 280 AD2d 517, 518).

Further, the City did not assume a duty to the plaintiffs beyond its obligations imposed by statute in advising the infant plaintiffs' mother on nutrition and hygiene (*see Ubiera v Housing Now Co.,* 184 Misc 2d 846, 853-854), nor did the City assume positive direction and control of a known hazardous situation giving rise to a duty to the plaintiffs (*see Garrett v Holiday Inns,* 58 NY2d 253, 261-262). Accordingly, the Supreme Court properly found that the plaintiffs failed to demonstrate that the City owed them a special duty.

The plaintiffs' remaining contentions are either without merit or need not be reached in light of this determination. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.