■ MARIA N. PELAEZ et al., Respondents, v LAURA SEIDE et al., Defendants, and COUNTY OF PUTNAM et al., Appellants. [751 NYS2d 601] —In an action, inter alia, to recover damages for personal injuries, the defendants County of Putnam and County of Putnam Department of Health appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated October 18, 2001, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiffs commenced this action against, among others, the County of Putnam and the County of Putnam Department of Health (hereinafter the Putnam defendants), based on their alleged failure to warn the plaintiff mother (hereinafter the mother) of the dangers of exposure to lead-based paint in her home after her children were diagnosed with elevated blood lead levels in March 1995.

The Putnam defendants established their prima facie entitlement to summary judgment (*see Harris v Llewellyn,* 298 AD2d 556). Contrary to the plaintiffs' contentions, the actions of the Putnam defendants, which were discretionary acts involving

the exercise of reasoned judgment, may not result in liability on their part even if the conduct was negligent (*see Lauer v City of New York,* 95 NY2d 95, 99). Furthermore, while the actions of the Coordinator of the Putnam County Childhood Lead Poisoning Prevention Program (hereinafter the Coordinator) were ministerial in nature, they did not give rise to a special duty owed to the children (*see Lauer v City of New York, supra; cf. Florence v Goldberg,* 44 NY2d 189, 196-197). Public Health Law §§ 1370 through 1376 were enacted for the benefit of the general public and do not impose a special duty on the Putnam defendants for the benefit of the children (*see Gibbs v Paine,* 280 AD2d 517, 518; *Harris v Llewellyn, supra*).

The plaintiffs failed to present sufficient evidence to raise a triable issue of fact regarding their contention that the Coordinator voluntarily assumed an affirmative duty beyond the obligations imposed on her by statute (*see Gibbs v Paine, supra; Harris v Llewellyn, supra; Ubiera v Housing Now Co.,* 184 Misc 2d 846). In any event, the mother's conclusory allegations that she continued to reside in her home only because she relied on the Coordinator's assurances that the children would get better if properly cared for are insufficient to defeat the motion for summary judgment (*see Lombardo v Island Grill Diner,* 276 AD2d 532; *cf. Stata v Village of Waterford,* 225 AD2d 163, 168). The fact that the Coordinator informed the mother as to how to prevent further lead poisoning of her children does not mean that the Putnam defendants took positive direction and control over the children's care (*cf. Smullen v City of New York,* 28 NY2d 66, 72). Accordingly, the Putnam defendants are entitled to summary judgment dismissing the complaint insofar as asserted against them. Santucci, J.P., Townes, Crane and Rivera, JJ., concur.